UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM B. O'NEAL, | ) | CASE NO. 1:07 CV 1414 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT D. NEWMAN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 15, 2007, plaintiff pro se William B. O'Neal filed this civil rights action against Medina County Adult Probation Department Investigator Robert D. Newman and Medina County Court of Common Pleas Judge Christopher J. Collier. In the complaint, plaintiff alleges that incorrect information was used in his pre-sentence report and incorporated into his sentence. He seeks monetary damages in the amount of $ 7,000,000.00 against each of the defendants.

## **Background**

Mr. O'Neal alleges that a pre-sentence investigation report concerning him was prepared by Mr. Newman. He alleges that the report contains deliberately inaccurate information about plaintiff's criminal history. He further alleges that this erroneous information was used to

calculate the length of his sentence. He asserts violation of his rights to due process and equal protection under the Fourteenth Amendment. He further asserts a violation of his Sixth Amendment right to an impartial jury.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

This action represents Mr. O'Neal second attempt to assert these claims in this court. On November 13, 2006, Mr. O'Neal filed a civil rights action under 42 U.S.C. § 1983 against Mr. Newman, probation department employee Veronica Perry, and Judge Christopher Collier alleging that his pre-sentence report contained deliberately inaccurate information which negatively affected his sentence. He asserted claims for denial of due process, equal protection and an impartial jury. That case, No. 1:06 CV 2728 was assigned to the undersigned. See O'Neal v. Newman, No. 1:06

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

CV 2728 (N.D. Ohio filed Nov. 13, 2006). It was dismissed on its merits for failing to state a claim upon which relief could be grant on January 25, 2007. Specifically, this court held that Mr. O'Neal could not collaterally attack his sentence in a damages action under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477 (1994). Mr. O'Neal filed a Motion for Reconsideration of that dismissal on February 7, 2007. That Motion was denied by this court on April 4, 2007. Approximately one month later, Mr. O'Neal submitted this action which is substantially similar to the action which this court previously dismissed.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. O' Neal is therefore precluded from litigating this matter for a second time.

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2]

        IT IS SO ORDERED.


Dated: July 31, 2007                       *s/ James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.